## BROCKWAY v. HALLER.

**1. Interest:** CONTRACT FOR: PLEADING. Where a party set up a parol contract to pay ten per cent interest but only claimed six per cent, it was held that ten per cent included six per cent, and that plaintiff could declare on an express parol contract to pay ten per cent interest, as creating a liability to pay six per cent, and recover thereon.

*Appeal from Montgomery Circuit Court.*

MONDAY, DECEMBER 12.

ACTION to recover for interest alleged to be due upon delinquent interest upon a promissory note. The petition shows that the note was drawn bearing ten per cent interest per annum; that after the note became due the parties entered into an agreement for an extension; that in consideration of the extension the defendant agreed to pay ten per cent interest and pay it annually; and in case of failure to pay the interest when due to pay ten per cent interest on the delinquent interest. The plaintiff claims to recover, however, only six per cent interest on the delinquent interest. The petition shows that the amount due as interest on the delinquent interest computed at six per cent is $112.81. He therefore prays judgment for that amount.

To the petition the defendant filed a demurrer in these words:

"1. Plaintiff sets up and seeks to recover under a special parol contract for the payment of ten per cent annual interest on money loaned.

"2. He seeks to recover money claimed under and by virtue of a special parol contract made by defendant for the payment of ten per cent interest on unpaid interest, on money heretofore loaned by plaintiff to defendant."

The court sustained the demurrer, and the plaintiff electing to stand upon his petition, judgment was rendered for the defendant. The plaintiff appeals.

*C. E. Richards* and *W. E. Strawn*, for appellant.

*Miller & Bartholomew*, for appellee.

ADAMS, CH. J.—Interest in this State is limited to six per cent per annum. To this rule there is one exception. Parties

1. INTEREST: contract for: pleading.

may agree in writing for the payment of interest not exceeding ten per cent per annum. Code, section 2077. The agreement in this case to pay ten per cent interest on the delinquent interest not being in writing, such interest cannot of course be recovered. The plaintiff therefore only seeks to recover six per cent. The defendant contends that he cannot recover even that. His theory is that a contract to pay ten per cent is not a contract to pay six per cent, and as no other than the ten per cent contract is relied upon the plaintiff must fail.

But ten per cent includes six per cent. If the plaintiff had brought an action to recover six per cent on a written contract to pay ten per cent, his recovery could not be denied. The written ten per cent contract would have been good enough evidence of the defendant's liability to pay six per cent. For the same reason a parol contract to pay ten per cent shows a liability to pay six per cent. If a parol contract to pay ten per cent were illegal the case would be different. But it is simply insufficient to enable the claimant to enforce a ten per cent liability.

The defendant contends that we cannot regard the ten per cent contract as including a contract to pay six per cent, because the law implies a contract to pay six per cent from the agreement to pay the interest annually. But parties may cover by express contract what the law would otherwise imply, and in such case it is proper to declare upon the express contract. We see no objection to the plaintiffs declaring on the express contract to pay ten per cent, as including a contract to pay six per cent and as creating a liability for that amount.

Any other view would be extremely technical, and operate to defeat substantial justice. We think that the demurrer was improperly sustained.

REVERSED.