THE FIRST NATIONAL BANK OF NEVADA v. FENN, Defendant, and RINGHEIM *et al.*, Intervenors.

1. **Appeal:** EVIDENCE TO SUPPORT VERDICT. There being evidence tending to show that a note and mortgage given by a husband to his wife was founded upon a valid consideration, and was not designed to defraud creditors, *held* that a verdict to that effect could not be disturbed by this court.

2. **Interest:** ORAL AGREEMENT FOR TEN PER CENT.: VALIDITY AFTER EXECUTION. Section 2077 of the Code, providing that the rate of interest shall be six per cent., unless the parties in writing agree to a higher rate, does not prohibit an oral agreement for ten per cent.; and where there is such an oral agreement, and the amount of such interest is afterwards ascertained and a promissory note given therefor, it is binding upon the parties, and the creditors of the maker of the note cannot interfere.

3. **Instructions:** IMMATERIAL VARIANCE FROM ISSUES. The issue being whether the mortgage in question was given and received for the purpose of "hindering, delaying or *defrauding*" creditors, the court submitted to the jury the question whether it was made and received for the purpose of "hindering, delaying and *defeating*" creditors. *Held*, in view of the evidence and the charge of the court, that the variance was immaterial and without prejudice.

4. **Husband and Wife:** HUSBAND USING WIFE'S MONEY: FAILURE OF WIFE TO RECORD CLAIM UNDER REVISION: CREDITORS AFTER REPEAL. Where a wife let her husband have the use of her money while section 2500 of the Revision of 1860 was in force, but failed to record notice of her ownership of the same as required by said section, creditors of the husband, who became such after the repeal thereof, could not object to a mortgage given by him to his wife after such repeal, to secure the money and interest. (*Jones v. Brandt*, 59 Iowa, 332, *followed*).

Appeal from Story District Court.—HON. S. M. WEAVER, Judge.

FILED, SEPTEMBER 10, 1888.

ACTION on a promissory note executed by the defendant. An attachment was issued, and certain personal property attached. Thereupon the intervenors filed petitions claiming the property under chattel mortgages. The plaintiff pleaded that the mortgages were fraudulent, because they were given for the purpose of hindering and defrauding creditors of the defendant. Trial by jury, verdict for the intervenors, and judgment. The plaintiff appeals.

*Dyer & Fitchpatrick*, for appellant.

*D. J. Vinje*, for appellees.

SEEVERS, C. J.—I. The defendant, being indebted to the plaintiff, executed in August, 1884, a mortgage on the property in controversy to J. B. Fenn, his wife, to secure an alleged indebtedness, which mortgage she assigned to the intervenor Ringheim, and under it he claims.

1. APPEAL: evidence to support verdict.

The indebtedness so secured was created about twenty years prior to the execution of the mortgage, and no note or written promise to pay the same was executed, until a note was given therefor at the time the mortgage was executed. But there was evidence tending to show that the defendant orally agreed to pay his wife the amount of money she placed in his hands or loaned him, with ten per cent. interest. The plaintiff insists that the verdict is not sustained by the evidence, which it is claimed clearly shows that the note and mortgage were given to hinder, delay and defraud the creditors of the defendant. The evidence shows that Mrs. Fenn did let her husband have about eight hundred dollars. Counsel do not dispute this proposition. The evidence tends to show that such money was never repaid. This being so, it follows that the defendant was indebted to his wife, unless it can be said that she gave her husband the money with no expectation on her or his part that it should be repaid. Conceding for the present that the instructions given the jury are correct, we have a case where the question of fraud was fairly presented to and determined by the jury in favor of the intervenors. Now we are asked in substance to say that there is no evidence tending to show that the mortgage was executed in good faith and for an honest purpose. That there is evidence which tends to show that the transaction was fraudulent will be conceded, but that this clearly appears we are unable to say. On the contrary, we think there is evidence on which the verdict can be fairly sustained. At most, different minds might reach different conclusions in relation thereto. It is the settled rule of this court that we cannot set aside the verdict in such case.

II.   Evidence was admitted against the objection of
the plaintiff tending to show that he had orally agreed

2. INTEREST:
oral agree-
ment for ten
per cent.: val-
idity after exe-
cution.

to give his wife ten per cent. interest on the
money she let him have.   It is urged that
the court erred in so ruling, because section
2077 of the Code provides that the rate
of interest shall be six per cent., unless the parties in
writing agree to pay above that rate.   The statute does
not in terms prohibit the parties from agreeing orally to
pay ten per cent.; and where this is done, and the amount
afterwards ascertained and an obligation in writing
given therefor, we see no reason why such obligation
cannot be enforced between the parties, and, if valid as
to them, no one else can complain.   The parol promise
to pay was a sufficient consideration for the written obli-
gation.   Clearly, we think the defendant could not suc-
cessfully plead that there was no consideration for the
written promise.   *Brockway v. Haller*, 57 Iowa, 368.

III.   The court, on its own motion, submitted the
following special interrogatory to the jury :   "Was the

3. INSTRUCTIONS:
immaterial
variance from
issues.

chattel mortgage in controversy made * * *
and received   *   *   *   for the purpose
of hindering   or   delaying   or   defeating
the creditors" of the mortgagor ?   It is
urged that this interrogatory is not as broad as the issue
whether the mortgage was given and received for the
purpose of "hindering, delaying or defrauding" credi-
tors.   Under the facts established, or rather under those
which the evidence tended to prove, we are unable to
see that there is any material difference between "defeat-
ing" and "defrauding" creditors; but, abstractly, if
there is, we are of the opinion that the jury was not
misled thereby, because from the instructions the jury
could not fail to understand that the material question
was whether the mortgage was fraudulent or not.

IV.   It is said that the eighth paragraph of the
charge "contains such a confusion of law and facts as to
mislead the jury."   We are unable to concur in this view.
Counsel do not question the instruction, but concede
that it is correct, and we are of the opinion that it is

applicable to the evidence, and, when considered. with the other instructions, it cannot be misleading. It is also said that the tenth paragraph of the charge is erroneous "under the facts proven." The objection made to this instruction we understand to be this : Mrs. Fenn let her husband have the money when the Revision was in force, and that she failed to file in the proper office a notice of her claim, as provided in section 2500 of the Revision. This question was determined under similar circumstances in *Jones v. Brandt*, 59 Iowa, 332, and, following that case, we must hold that the instruction is not erroneous. What we have said as to the rate of interest the defendant agreed to pay sufficiently indicates that the objections to the tenth paragraph of the charge are not well founded.

4. HUSBAND and wife: husband using wife's money: failure of wife to record claim under Revision : creditors after appeal.

AFFIRMED.