SPRAGUE, WARNER & COMPANY, Appellants, v. J. A. BENSON, *et al.*

**Fraudulent Conveyance:** HOMESTEADS. A homestead cannot be subjected to the payment of debts, although the owner conveys it to his wife as a means of defeating the claims against him.

SAME. The fact that money realized from selling a partnership interest of the husband was used to pay a mortgage on the homestead does not avail partnership creditors if the money was paid the wife for a debt owed her by the husband, and by her applied to paying said mortgage.

CONTRACT BETWEEN HUSBAND AND WIFE. An agreement by a husband to repay money to his wife is not invalid simply because it is oral and does not fix the exact date of payment.

SAME. Where a husband receives money from his wife, and agrees at the time to repay it with interest, he may pay the debt, though

other creditors are delayed or hindered in the collection of their claims.

TEN PER CENT. INTEREST ON ORAL CONTRACT.   Creditors of a married man cannot object to the payment by him of ten per cent. interest on a valid debt to his wife, in accordance with an oral agreement to pay such interest, although, under the statute, the wife could have enforced the payment of only six per cent. interest on an oral agreement.

*Appeal from Boone District Court.*—HON. D. R. HIND-
MAN, Judge.

SATURDAY, APRIL 10, 1897.

CREDITORS' bill to subject certain real estate, the legal title to which is in the name of Anna Matilda Benson, to the payment of a judgment held by plaintiffs against the firm of Clark & Benson, of which firm J. A. Benson was a member. Trial to the court. Decree for defendants, and plaintiffs appeal.—*Affirmed.*

*Jordan & Brockett* for appellants.

*Dyer & Stevens* for appellees.

DEEMER, J.—Appellants claim, that shortly before they obtained their judgment against the firm of Clark & Benson, Benson sold and transferred his interest in the business to his co-partner, receiving as consideration therefor the sum of five hundred dollars; that four hundred dollars of this sum he used in paying a mortgage upon a certain lot in the city of Boone, and afterward, and after plaintiffs had obtained their judgment, he transferred the said lot to his co-defendant, who is his wife; and they ask the court to subject the said real estate, to the extent of the four hundred dollars invested therein, to the payment of their judgment. Defendants admit the sale of the partnership interest by Benson to Clark, and the receipt of the

five hundred dollars therefor, and that J. A. Benson paid the money to his wife, in satisfaction of a debt due her; that the wife used a part of this money in part payment of a mortgage upon the lot. They further admit the conveyance of the lot by the husband to the wife, and allege, that the property was their homestead, and that J. A. Benson had the legal right to convey the same to his wife. It is undisputed, that the lot in question was, and is, the homestead of these defendants, who are husband and wife. Because of this fact, it cannot be subjected to the payment of plaintiff's judgment, although the conveyance made after plaintiffs obtained their judgment, was intended as a means of defeating the collection of the claim. In order to subject any part of the property, it must be shown that the money received by Benson from the sale of his partnership interest was used by him in payment of the mortgage which existed upon the homestead before the conveyance to the wife. The receipt of the five hundred dollars by Benson, and the fact that four hundred dollars of it was used in part payment of the incumbrance, is admitted, and the ultimate question of fact in the case is, to whom did this money belong when it was applied upon the mortgage? The uncontradicted evidence shows that at the time the defendants were married, which was about ten years prior to the trial in the district court, Mrs. Benson had two hundred dollars. This money she let her husband have, with an agreement as they both claim, that it should be repaid, with interest. The plaintiffs deny that there was any agreement to repay, and claim that the money so given by the wife to the husband was used for the ordinary living expenses of the family, and that such a transaction does not justify the turning over of the four hundred dollars as against an attack upon it by the husband's

creditors. We think it quite clearly appears, however, that there was an agreement on the part of the husband at the time he received the money to repay it, with interest, to his wife. True, the agreement was oral, and did not fix the exact time at which the money should be repaid, but neither of these facts is essential to the validity of the contract. As the wife was a creditor of the husband, he had a right to pay the debt, even though other creditors were thereby hindered or delayed in the collection of their claims. There is nothing in the evidence to show that the transaction was not in perfect good faith. The wife knew nothing of the plaintiff's claim, at the time she received the money, and there is no evidence to show that the husband intended to defraud his creditors. The plaintiff's had no lien upon the funds received by J. A. Benson for his interest in the partnership. It appears from the evidence that the firm was solvent at the time Benson sold out, and that Clark agreed to pay all the liabilities.

Appellants further contend that Mrs. Benson had no right to receive ten per cent. interest on her loan, for the reason that the contract between herself and her husband was not in writing, and that they are entitled to a decree establishing a lien upon the property to the extent of eighty dollars, this being the difference between six per cent. and ten per cent. on the money loaned. There is no merit in this contention. The agreement to pay ten per cent. was not illegal. *Brockway v. Haller*, 57 Iowa, 368 (10 N. W. Rep. 752). Mrs. Benson could not enforce such an agreement by suit, for the reason that the statute requires it to be in writing. But there is no legal objection, that we know of, to a debtor's recognizing the validity of such a contract, and paying the amount due thereon. Certainly no stranger can complain of such a contract after it has been executed.

If payment had been made upon an usurious contract, it could not have been recovered back. For what reason, then, may plaintiffs complain of an executed parol agreement to pay ten per cent.? To state the question is to answer it. And we conclude by saying that we discover no objection to the decree of which the plaintiffs can complain. The views expressed in the second branch of this opinion find support in the case of *Bank v. Fenn*, 75 Iowa, 221 (39 N. W. Rep. 278). The decree of the court below is correct, and it is AFFIRMED.