Cours v. Hanna and Hanna, appellants.

*Appeal from Tama District Court — Thursday, July 25.*

#### FRAUDULENT CONVEYANCE.

The plaintiff obtained a judgment against the defendant, John., Hanna; he caused execution to issue thereon, and to be levied upon certain real property, the legal title to which appeared, by the records, to be in the defendant, Lucy Hanna; the property was sold under execution and purchased by the plaintiff. This action is .brought in equity to set aside Lucy Hanna's title on account of fraud, and to quiet the title in plaintiff. The district court rendered judgment as prayed for. The defendants appeal. The facts are stated in the opinion.

*Boardman, Brown & Williams* for the appellants — *C. B. Bradshaw, Hibbard & Mills* for the appellee.

Cole, J. — This is an action in equity, tried by the first method. It was brought by the plaintiff to set aside a certain conveyance of lots in Tama city, made by the defendant, John Hanna, to his wife, the defendant Lucy Hanna. The defendant Lucy, in addition to her denial of the allegations of plaintiff's petition, made affirmative averments of the validity of her title, by way of cross-bill, and asked that her title be quieted as against the plaintiff. To this cross-petition there was no answer.

The appellant's counsel insist that, as there was no answer to the defendant's cross-petition, the judgment must, for this reason, be reversed. But, without passing upon this question, we proceed to notice the case upon its merits. The evidence is all before us.

On the 11th day of December, 1868, the plaintiff obtained a judgment, before a justice of the peace, against the defendant, John Hanna, for $35 debt, and $62.96 costs; a transcript of it was filed in the clerk's office, and, in May, 1869, an execution was issued on said judgment, and on the first day of July, 1869, it was levied on the two lots in controversy, which were thereunder sold to plaintiff. This is the plaintiff's title.

On the 26th day of November, 1868, the defendant, John Hanna, conveyed, by deed duly acknowledged,·the lots in controversy, with others, to his co-defendant, Lucy Hanna, who then was, and now is, his wife; said deed was duly recorded on the 19th day of May, 1869. This is the defendant Lucy Hanna's title.

The evidence shows that the conveyance by John Hanna to his wife was made when he was quite sick, and not expected to live long, and

in consideration of certain money and property he had therefor received from his wife, to the extent of the real value of the property conveyed to him; that he did not, at the time, owe any other debt than to the plaintiff; that the debt to plaintiff was then arranged for and to be paid in a watch, etc., but for some cause the arrangement afterward failed; that, at the date of said conveyance, the defendant, John Hanna, owned and still owns other lots in the same place, liable to execution, of the value of $600 or over, and also was possessed of about $3,000, invested in mortgage securities.

Every circumstance proven in the case negatives the idea of fraud, or of fraudulent intent on the part of either John Hanna or his wife. The conveyance did not and could not operate to defraud the plaintiff, since the debtor then had, and still has, sufficient property to satisfy his debt, which might just as easily be subjected to execution sale or to garnishment process, as could the property in controversy. In the absence of both fraud and damage, we cannot discover any legal or equitable basis whereon to ground an affirmance of the judgment of the district court. The defendant, Lucy Hanna, is entitled to have her title quieted. The plaintiff's purchase will be canceled, and the satisfaction of his judgment by the sale will be set aside at his costs, so as to remit him to his full rights and remedies under his judgment. The plaintiff will pay the costs of this court and of the district court.

Reversed.