THE CITY BANK v. WRIGHT ET AL.

1.  **Fraudulent Conveyance:** HUSBAND TO WIFE: ACTION BY CREDITOR TO SET ASIDE: INSUFFICIENT GROUNDS FOR.  A conveyance from a husband to his wife in consideration of money advanced will not be set aside because the wife's right of action to recover the money was barred by the statute of limitations; nor because she was not present when the conveyance was made; nor because she had knowledge of her husband's embarrassed condition; nor because her husband, by the use of her money, was enabled to make an undue show of responsibility; nor because the business between herself and her husband was not conducted with the strictness which is usual among business men.

*Appeal from Marshall District Court.*

FRIDAY, DECEMBER 18.

THE plaintiff is a judgment creditor of the defendant Cyrus Wright, and, as such, brings this action to set aside certain conveyances alleged to have been made by him to his wife, the defendant Annie A. Wright, for the purpose of defrauding his creditors.   The court dismissed the plaintiff's petition, and it appeals.

The City Bank v. Wright et al.

*Brown & Carney* and *Henry Stone*, for appellant.

*Caswell & Meeker* and *James Allison*, for appellees.

ADAMS, J.—The evidence shows that Mrs. Wright, at the time of her marriage with the defendant Cyrus Wright, was

1. FRAUD-ULENT con-veyance: hus-band to wife: action by creditor to set aside: insuffi-cient grounds for.

a widow, and had derived considerable property from the estate of her former husband. This property— most of it money—passed into her present husband's hands sooner or later, with a loose understanding that if she ever felt uneasy about it, or demanded payment, he should convey enough property to her to make her whole. In September, 1883, being in embarrassed circumstances, he conveyed to her nearly all his property not exempt from execution. A part of the money due her had been advanced many years before, and it is insisted that the claim for it had become barred by the statute of limitations. But we cannot attach any importance to that fact. The husband's moral obligation to pay his wife was not less by reason of such fact, and we see in it no evidence of fraud.

The plaintiff relies, in part, upon the fact that the deed of conveyance was drawn when Mrs. Wright was not present. But the evidence shows that the parties went to town together for the purpose, in part, of having this business done, and she trusted her husband to attend to it while she was engaged in something else.

The plaintiff relies, in part, upon the fact that Mrs. Wright had knowledge of her husband's embarrassed condition, and that the conveyance was made about the time of an approaching crisis in his affairs. If she were a volunteer purchaser, and not merely taking property in payment of an existing debt, the fact would be very significant. But she had the same right which any other creditor had to obtain payment; and if she had no other purpose other creditors have no right to complain.

It is said, to be sure, that by furnishing her husband with money she enabled him to make a show of responsibility, and obtain credit by reason thereof, and that she ought now to be estopped from setting up any claim as against her husband's creditors who had been misled by her own act. But she is not now claiming as a creditor, nor claiming property held in secret trust for her. She claims by reason of the conveyance to her, and she is no more estopped from taking such conveyance than any other creditor would be whom the debtor might have elected to prefer. The money advanced by her had, it is true, the effect to swell her husband's assets, and cause him to appear to those ignorant of his indebtedness to be more responsible than he was; but the same would be true if he had borrowed money, or obtained property for which he was liable to account, from any one else.

Considerable is said in regard to the manner in which this business was transacted. There does not appear to have been any strict accounting as between the husband and wife, nor any close estimate made of the value of the property conveyed; but Mrs. Wright swears very positively that she was not overpaid, and we are not able to say from the evidence that she was. The loose manner in which the business was done might render the transaction suspicious if the parties sustained no relation to each other, but it is well known that a husband and wife do not ordinarily deal with each other as strangers deal. These defendants would not, we think, naturally have dealt with each other in a manner much different from that in which they did deal if the transaction between them had been unquestionably an honest one. It is possible, of course, that they have testified falsely. The temptation which they may be supposed to have had to do so, if necessary, and the security with which false testimony could have been given, tend to invest the transaction with some suspicion; but we are not justified in rejecting their testimony upon that ground. Upon questions of fraud, where the party setting up the fraud relies upon a large number of

circumstances, it is not our custom to set out the evidence, or do much more than state our conclusion. We have all examined the evidence in this case, and have reached the conclusion that the allegations of fraud have not been proven.

AFFIRMED.