74 497
119 311

74 497
133 339

SIMS v. MOORE *et al.*

**Fraudulent Conveyance:** TO WIFE TO DEFEAT HUSBAND'S CREDITORS. Where a wife delivers money to her husband to be invested and proceeds accounted for, but no special accounting is ever had, but the obligation is never released, she may take a conveyance of property belonging to her husband in order to protect her interests, even though the husband has other creditors who may suffer thereby.

*Appeal from Page District Court.*

FILED, MAY 22, 1888.

Sims v. Moore.

THE defendants are husband and wife. The plaintiff is a judgment creditor of the husband. This action was brought to subject certain property, the title to which is in the wife, to the payment of the judgment, upon the ground that the title was taken in the name of the wife in fraud of the creditors of the husband. There was a decree in the district court for the defendants. Plaintiff appeals.

*W. P. Ferguson*, for appellant.

*G. B. Jennings*, for appellees.

ROTHROCK, J.—The case is here for trial anew. The burden of proof is on the plaintiff to establish the averments of his petition by a preponderance of the evidence. The proof is undisputed that, within a short time after the marriage of the defendants, the wife received eight hundred and thirty dollars from her father's estate. It is also undisputed that she delivered this money to her husband. Both of the defendants testify that the delivery of the money to the husband was not a gift to him, but that it was agreed between them that he should loan and invest it for her as her agent, and account to her for the proceeds. No special accounting was had, but it appears that the obligation to do so was never released nor abandoned. It is claimed by the defendants that the property in controversy was paid for from this fund, and that the wife, being a creditor, had the right to protect her interests notwithstanding the husband had other creditors who might suffer thereby. There is the usual effort upon the part of the plaintiff to show a fraudulent transaction. A careful examination of all the evidence leads us to the conclusion that the decree of the district court ought not to be disturbed.

AFFIRMED.