76   424
133   339

## PECK BROS. & CO. v. LINCOLN *et al.*

**Husband and Wife:** WIFE'S RIGHTS AS CREDITOR OF HUSBAND: GIFTS TO WIFE.   A husband may, while solvent, give money to his wife, and she may hold it free from her husband's subsequent creditors, and she may afterwards loan it to him, and take security, and enforce the security like any other creditor; and if all this is done in good faith, other creditors who are not secured cannot complain.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

FILED, DECEMBER 22, 1888.

THIS is a garnishment proceeding in which Fannie A. Lincoln is sought to be charged as having money or property in her hands belonging to defendant George A. Lincoln, who is her husband. The proceeding against him was dismissed. Plaintiffs appeal.

*Lake & Harmon*, for appellants.

*Mills & Keeler*, for appellees.

BECK, J.—The evidence shows that during the husband's solvency, and many years before the debt to plaintiffs was contracted, he gave to his wife, at different times, money in various sums. The husband, several years before the debt to plaintiffs was contracted, borrowed from the wife a large sum obtained by her from the husband in the manner just stated. This money was put into the husband's business. She purchased a storehouse, which the husband rented. The husband executed a chattel mortgage upon his stock of merchandise, which the wife has enforced, and received the proceeds of the sale of the goods. Plaintiffs insist that the wife cannot hold the proceeds of the goods as against them. It cannot be doubted that if the wife had acquired the money by her own industry, by inheritance or in any other way not through or connected with her husband, she could lawfully take a mortgage on her husband's property to secure the loan, which would be superior to plaintiffs' claim. If the money was in good faith the property of the wife, the law will permit her to secure the loan by a chattel mortgage by the husband. The husband, while solvent, may give to his wife money. This she may hold free from her husband's creditors. There is no evidence tending to show bad faith in the transaction, or that the money in question was not honestly acquired by the wife. It would not do to hold,

as claimed by plaintiffs' counsel, that the creditors, giving credit to the husband on the strength of his property acquired with money borrowed from the wife, can subject such property to their claim. If such a doctrine be recognized, it would be impossible for the wife to secure a *bona-fide* claim against the husband by a chattel mortgage upon his property. It would be a practical return, so far as creditors are concerned, to the old doctrine that the husband, when he reduces chattels of the wife to his possession, acquires property therein. In our opinion the district court rightly discharged the wife as garnishee. AFFIRMED.