CAROLINE DE VORE, Appellant, v. N. M. JONES, Sheriff, *et al.*, Appellees.

1. **Gifts of Real Property:** HUSBAND AND WIFE : CREDITORS. Where property of the wife was conveyed in exchange for other real estate, and the deed therefor was made by mistake to both the husband and wife as grantees, but was accepted under an agreement that the husband would thereafter make a conveyance to his wife, and, though the husband frequently renewed this promise, the title was permitted to rest as represented in said deed for about seventeen years, and until after a creditor of the husband had obtained a judgment against him, when a conveyance by the husband to the wife was made as agreed, *held*, that the facts did not establish a gift of the land to the husband.

2. **Estoppel:** TITLE OF RECORD TO WIFE'S PROPERTY IN HUSBAND : CREDITORS. A wife will not be estopped under such circumstances from claiming title to such real estate as against a judgment creditor of the husband, where it appears that no credit was extended to the husband upon the faith of his apparent ownership in said property.

*Appeal from Cass District Court.*—HON. N. W MACY, Judge.

FRIDAY, JANUARY 30, 1891.

THE plaintiff claims to be the owner of the southwest quarter of section 28, and fifty-five acres of the southeast quarter of the same section, township 74, range 34, Cass county, Iowa, and brings this action to enjoin the sale thereof upon execution as the property

of her husband, Joshua De Vore, upon a judgment against him in favor of the defendant Beymer. There was a decree dismissing the plaintiff's petition, from which she appeals.—*Reversed.*

*Willard & Willard*, for appellant.

*L. L. De Lano*, for appellees

Given, J.—I. The following facts are either admitted by the pleadings, or fairly established by the evidence: In 1869, the plaintiff owned a forty-acre tract of land in Ohio, which she had purchased with her own money; but an adjoining forty had been purchased, and partial payment made therefor, she contributing the full amount of such payment, except about one hundred dollars contributed by her husband. A mortgage was given to secure the unpaid purchase money. In 1869, these two forties were exchanged for the land in controversy to one Carey; the latter taking the same subject to the incumbrances. The understanding was that the deed for the land in question should be made to the plaintiff, but by mistake it was made to her and her husband, and, Mr. De Vore agreeing with his wife to thereafter convey the property in question to her, she consented to the recording of the deed from Carey as it was. In 1871 Mr. and Mrs. De Vore moved onto the land in controversy, and have since resided thereon. In 1875, they joined in a mortgage on this land to secure a loan of six hundred dollars, which Mr. De Vore invested in cattle. In 1886, they joined in another mortgage on part of the land to secure a loan of one thousand dollars out of which the first loan was paid, and the balance turned over to the plaintiff. About the same time, and after Beymer obtained the judgment, Mr. De Vore executed to the plaintiff a deed to the undivided one-half of the south one-half of the land in controversy; and now gives as his reason for not including the other half that it was covered by the one-thousand-dollar mortgage.

*1. Gifts of real property: husband and wife: creditors.*

From the foregoing statement of the facts, it will be seen that there is little, if any, room to question that the entire consideration given for the land in question belonged to the plaintiff in her own right, except the one hundred dollars. The real contention is whether, under the facts, the plaintiff should not be held to have given this property to her husband, and to be estopped from asserting ownership as against his creditors. We are clear that the testimony does not establish a gift. The only fact from which a gift could be inferred is the length of time Mr. De Vore was permitted to retain the title; but such inference is negatived by their frequent talks that he would make a deed to the plaintiff as he had agreed. If she was seeking to compel him to convey, surely a gift would not be presumable from these facts; and yet the presumption is not stronger against her in favor of his creditors than it would be in his favor.

II. Contention is made as to the validity of Beymer's judgment against Joshua De Vore, and as to

2. Estoppel: title of record to wife's property in husband: creditors.

plaintiff's right to question it in this action. In the view we take of the case, it is unnecessary to determine those questions, or to refer to the nature of the judgment further than it relates to the question of estoppel. The appellee contends that credit was extended to De Vore on the faith of his title to the land for the indebtedness upon which the judgment was rendered. This claim is not sustained by the evidence. True, Beymer testifies that he had theretofore extended credit to De Vore on the faith of his owning the land; but in the instance under consideration he did not extend credit to De Vore at all. The facts are that one Bohning, being indebted to Beymer, placed a certain lot of corn in the hands of De Vore to sell, the corn to be sold and that claim paid by the first of June, 1883. De Vore wrote to Beymer stating these facts, and concluding with the remark: "Will see that you get the money as soon as the aforesaid corn is sold." The judgment in question was

taken by default against De Vore, and entered upon the authority of this letter. We refer to these facts simply to show that it does not appear that Beymer extended credit to De Vore in this matter, and also in corroboration of the claim that both plaintiff and her husband regard the judgment as unjust. With the facts as we find them, it could hardly be questioned but that the plaintiff would be entitled to compel conveyance from her husband. We do not discover in the record any reason why she should be held to be estopped from asserting her ownership in the land as against the defendants. In the transaction under notice the defendant did not rely upon the fact of the title being in De Vore, and was not, therefore, misled thereby.

Our conclusion is that the judgment of the district court should be reversed, and a decree entered in accordance with this opinion. REVERSED.