DAGGETT, BASSETT & HILL Co., Appellants, v. JOHN C. BULFER *et ux.*, Appellees.

**Fraudulent Conveyances:** HUSBAND AND WIFE : SUBSEQUENT CREDITORS. A husband, engaged in a mercantile business, paid his wife one hundred dollars a year for services rendered by her, which money she afterwards loaned him, and in consideration of money thus loaned, and of property received by the wife from relatives, and used by the husband, the latter conveyed to his wife the property in controversy. *Held,* that, as against a subsequent creditor, the conveyance was valid.

*Appeal from Marshall District Court.—*HON. S. M. WEAVER, Judge.

MONDAY, FEBRUARY 2, 1891.

ON the fifth day of September, 1887, the plaintiff obtained judgment against the defendant, John C. Bulfer, in the district court of Marshall county, Iowa, in the sum of four hundred and seventy-three dollars and ninety-three cents, on transcripts of judgments formerly obtained in the state of Nebraska ; the origin of the indebtedness being goods sold by the plaintiff in February and April, 1887. The defendants are husband and wife, and are, and have been since October, 1886, residents of Nebraska. Prior to December 31, 1886, John C. Bulfer owned the south one-sixth of lot number 1, in the town of Laurel, Marshall county, Iowa, and on that day he transferred it by warranty deed to his wife, and assigned to her a certain lease of the same, by which she claims to be entitled to the rents and profits thereof. This action is to set aside the deed to defendant, Bertha Bulfer, as made in fraud of the creditors of her husband ; and, by a consolidation of another cause herewith, the proceeding also involves her right to the rents and profits of the premises. The district court gave judgment for the defendants, sustaining the conveyance and the assignment of the lease, and from its judgment the plaintiff firm appeals. *Affirmed.*

*Brown & Miller*, for appellants.

*J. L. Carney*, for appellees.

GRANGER, J.—The deed from Bulfer to his wife was made December 31, 1886, in Nebraska, and was at once sent to Marshall county, and filed for record, January 3, 1887. There was no .secrecy in the act of conveyance. The debt, which is the basis for plaintiff's judgment, was not then in existence, nor was it thereafter till February 8, 1887, when a part of it was contracted, and the remainder in April thereafter. To our minds it is clear, from the record, that when the transfers were made, on the thirty-first day of December, there was no purpose to defraud the then existing creditors of John C. Bulfer. He had before been in partnership in mercantile business with his brother Philipp, and in December had bought Philipp's interest, mainly on credit; and, while it is true the business had not been conducted as between them on strictly business-like principles, as to this transaction we do not understand that fraud is claimed. Very soon after, one Fannon became and was a partner with John C. till in June, when the firm became involved in trouble, and Fannon retired, and the business was closed by attachment. It was at this time that the Nebraska judgments, on which the judgment in this state was obtained, were rendered upon confession. Up to this time we do not discover any facts indicating a purpose on the part of John C. Bulfer to place property beyond the reach of his creditors. To our minds, the conduct and management of his business were inconsistent with such a purpose. It is more in. harmony with the record to say he was wanting in business capacity and shrewdness. But for the fact that the transfer is based on a consideration of an indebtedness by the husband to the wife, the claim of fraud would be without any support. We have no doubt that the purpose in making the conveyance was to prefer the wife to existing creditors;

but such creditors are not before us, and, if they were, something more than an intended preference must appear to disturb the transaction. *Bank v. Wright,* 68 Iowa, 132. The testimony shows that for some years John C. Bulfer paid to his wife one hundred dollars each year for services, and a point is made that there was no valid obligation to make the payments ; that the services were such as were due the husband. We need not determine the liability of the husband for the payment. The testimony shows that it was paid, and, when paid, it became the property of the wife, as to all parties except the husband, if not as to him. She afterwards loaned it to him, which made a valid debt. Other property obtained from her father and brother, and furnished to her husband, made the consideration for the transfer. Transactions between husband and wife giving rise to indebtedness, whereby property of the husband may be withheld from creditors, generally excite suspicion, and they should be scrutinized with care. If there were other badges of fraud, we might feel disposed to look with less favor upon the statements as to the *bona fides* of the wife's claim against the husband. These findings of fact are quite conclusive of the case under all lines of authority.

It is claimed in argument that the conveyance was made in anticipation of the indebtedness of plaintiff ; but we think that the claim is not supported as against John C. Bulfer, and there is nothing to implicate his wife in such a purpose. The rule in this respect is stated in *Lyman v. Cessford,* 15 Iowa, 229. The appellant, as we view the record, is mistaken in many essential particulars as to the facts, which mistake has led to much of the discussion.

Our findings of fact accord with those of the district court as indicated in its judgment entry, and with such findings there is no doubtful question of law. AFFIRMED.