NETTIE J. NEIGHBOR, and J. R. STICK, Intervenor, Appellees, v. ROSINA HOBLITCEL, Appellant.

Fraudulent Conveyances: HUSBAND AND WIFE: EVIDENCE. Where a husband, pending litigation against him, and just before trial, conveyed to his wife, upon demand, certain real estate in payment of his indebtedness to her, exceeding the value of said property, *held,* that, in the absence of evidence that the conveyance was taken in part to hinder the creditors of the husband, it was valid.

*Appeal from Linn District Court.*—HON. J. D. GIFFEN, Judge.

SATURDAY, FEBRUARY 6, 1892.

ACTION in equity to restrain the sale of certain real estate on execution.   From a decree in favor of the

plaintiff and intervenor, the defendant, Rosina Hoblitcel, appeals.—*Affirmed.*

*Rickel & Crocker*, for appellant.

*Charles W. Kepler*, and *W. F. Fitzgerald*, for appellee, Nettie J. Neighbor.

*Davis & Voris*, for appellee Stick.

ROBINSON, C. J.—On the twenty-fourth day of January, 1888, the defendant, Rosina Hoblitcel, recovered against Herbert B. Neighbor and another judgment for the sum of one thousand, two hundred and ninty-nine dollars damages and two hundred and twenty dollars and twenty-five cents costs. While the action in which the judgment was rendered was pending, and on the day before that to which it was assigned for trial, Neighbor executed and delivered to his wife, who is the plaintiff in this action, two deeds. One purported to convey to the plaintiff part of a lot in Center Point, and the other purported to convey a tract of land in LaFayette, containing three acres. An execution issued on the judgment rendered in favor of Rosina Hoblitcel has been levied upon the property thus conveyed to the plaintiff, and she asks that the sale be restrained, and that the judgment be declared not to be a lien on the property. The intervenor, J. R. Stick, claims that he is the owner of an undivided one third of the portion of the lot in Center Point conveyed to the plaintiff, and that he owns an undivided one half of the three-acre tract, subject to an incumbrance for six hundred dollars. The defendants claim that the conveyances to the plaintiff were made to defraud Rosina Hoblitcel. The district court found that the three-acre tract was owned by the plaintiff and intervenor, and, as to that, granted them the relief demanded; but as to the property in Center Point the

court found in favor of the defendants. The question we are required to determine is whether the three-acre tract, or any interest therein, is subject to sale under the execution in question.

The evidence shows the following facts: The plaintiff married Herbert B. Neighbor in the year 1879. At that time the property he owned did not exceed in value the sum of one hundred dollars. Soon after her marriage, the plaintiff received from her father's estate sums of money which amounted to about thirteen hundred dollars. In March, 1881, she loaned to her husband twelve hundred dollars of that money, for which he gave her his promissory note, payable one day after date. That money was used in paying for the three-acre tract of land. In the latter part of the year 1882, Neighbor and the intervenor were partners in a mercantile business in LaFayette, and purchased the tract together, paying therefor the sum of sixteen hundred dollars. Neighbor paid for his part, but the intervenor had but two hundred dollars in money, and it was arranged between the parties in interest that he should borrow six hundred dollars to complete his payment, but that the title to the tract should be vested in Neighbor; that Neighbor should give his promissory note for the money borrowed by the intervenor, secured by a mortgage on the land, and, when the intervenor paid the note and discharged the mortgage, the title to an undivided half of the property should be conveyed to him. Accordingly, the transfer of title to Neighbor was made, he gave his note, secured by a mortgage on the land, for six hundred dollars, and the intervenor paid his share of the purchase price with his two hundred dollars and the proceeds of the loan. He has paid the interest on the loan, but the principal is unpaid. While the litigation between Rosina Hoblitcel and Neighbor was pending, the plaintiff demanded of her husband a conveyance to her of the three-acre tract, and his interest in the Center Point lot, on

account of his indebtedness to ·her, and they were conveyed to her as requested. At that time her claim against her husband amounted to about seventeen hundred dollars. The value of his interest in the three-acre tract did not exceed six hundred dollars, and his interest in the lot was not worth more than fifty dollars. There is no doubt but that the indebtedness existed in good faith, and that the conveyances in question were made on account of it; nor can there be any doubt that Neighbor had the right to make the conveyance for the purposes stated.

But it is urged that the plaintiff accepted the conveyance in part to hinder Rosina Hoblitcel in the collection of any judgment she might recover against Neighbor. The plaintiff was ill when the trial in the district court was had, and unable to attend and testify. Her affidavit in support of an applicaton for a continuance was read in her behalf. But the defendants rely upon the record of the examination of the plaintiff on proceedings supplemental to execution in the case of *Hoblitcel v. Neighbor* to show that the plaintiff acted fraudulently in accepting the conveyances in question. That record shows admissions on the part of the plaintiff which might be construed to express a desire to shield her husband, but it is shown that she was in delicate health at the time of the ·examination, and not in a condition to frame her answers with ordinary deliberation. Some of the questions asked were well calculated to mislead her, but we think it appears from her entire examination· that her purpose in demanding and receiving the conveyance was to protect her own interests, and not to hinder, delay or defraud creditors of her husband. The evidence fully sustains the claims of intervenor.

We conclude that appellees are entitled to all the relief given them by the decree of the district court. It is therefore AFFIRMED.