GARR, SCOTT & COMPANY, Appellants, v. MATTHEW G. KLEIN, *et ux.*

**Fraudulent Conveyance.** A wife loaned an insolvent money under an agreement that he should convey her certain land. A judgment was rendered against him. On the same day he made deed. The deed was not delivered until after the rendition of the judgment. The wife did not know of the judgment against defendant when deed was delivered to her. Her loan exceeded the value of the land. Conveyance upheld.

*Appeal from Muscatine District Court.*—HON. P. B. WOLFE, Judge.

SATURDAY, JANUARY 19, 1895.

Action in equity to set aside a conveyance of real estate, and to subject the property conveyed to the payment of a judgment owned by the plaintiff. There was a hearing on the merits, and a judgment in favor of the defendants for costs. The plaintiff appeals.—*Affirmed.*

*P. M. Detwiler* and *J. M. Doran* for appellant.

No argument for appellee.

Robinson, J.—On the sixth day of April, 1892, the District Court of Muscatine county rendered a judgment in favor of the plaintiff and against the defendant Matthew Klein, for the sum of six hundred and sixty dollars and ninety-one cents and costs. On the same day, Matthew G. Klein executed to his wife and codefendant, M. Jane Klein, a quitclaim deed for the

real estate which he then owned in Muscatine county, comprising something less than a quarter section of land, and caused the deed to be recorded and delivered to his wife. The delivery was not made until after the judgment was rendered. At the time of the transaction, the husband was insolvent, and it is insisted by the plaintiff that the conveyance was made to delay and defraud his creditors.

It is shown without conflict, in the evidence, that in June, 1891, Mrs. Klein received from her father six hundred and eighty-one dollars in money, and a tract of land which she afterwards sold for one thousand two hundred dollars. The father then gave her nineteen dollars, making the amount of what she had received from him and through him one thousand nine hundred dollars. He instructed her at the time not to let her husband have the money and property thus given her, but to invest and keep it in her own name. She disregarded the instructions, however, and let her husband have nearly four hundred dollars within a short time after she received the money. At the time that was done, nothing was said about a return of the money, but she had a conversation with her father, soon after that time, which led to an agreement between herself and her husband that the land in controversy should be deeded to her, and that he should have what she received from her father. As a result of that agreement, she, from time to time, let him have the remainder of the one thousand nine hundred dollars. At the time the land was conveyed to her, it was worth about three thousand five hundred dollars, but the conveyance was subject to a mortgage on the land to secure the payment of two thousand seven hundred and fifty dollars and interest. Hence, if it be admitted that she shall take nothing, as against the plaintiff, on account of the money paid without any agreement that it should be

returned or secured, it appears that the amount remaining, for which she was entitled to payment, exceeded the value of the interest she acquired by the deed. We are satisfied that the conveyance was made in pursuance of a valid agreement between the husband and wife, entered into in good faith, for a lawful purpose. The plaintiff relies in part upon alleged statements of the husband, made about the time the judgment against him was rendered, and also before that time, to the effect that the claim of the plaintiff was not just, that the plaintiff could not recover anything of him, and that his property was beyond its reach, and upon the relationship of the parties to the conveyance, as showing that it was fraudulent. But, if such statements were made by the husband they would not be sufficient to taint the title of the wife with fraud. She denies that she knew of the indebtedness to the plaintiff at the time the deed was made, and her testimony to that effect is not shown to be incorrect. Since the consideration for the deed was ample, and was paid some time before the delivery of the deed, the fact that it was not delivered to her personally until after the judgment was rendered is immaterial. We have read the record and argument for the appellant with care, and although there are some facts which, if unexplained, would be deemed badges of fraud, yet when all relevant facts are considered we do not find any ground upon which the judgment of the District Court can be disturbed. It is therefore *affirmed.*