L. G. EVERIST, Appellant, v. JOHN PIERCE *et al.*

**Homesteads:** FRAUDULENT CONVEYANCE   A wife, having title to the homestead, and her husband being solvent. consented to a sale thereof upon the promise of her husband that the proceeds should be used to build a house on other lands then owned by her. After the house was built and paid for by the husband he became insolvent.   *Held,* that a creditor who became such after the house was paid for could not complain that the transaction was fraudulent.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

SATURDAY, DECEMBER 17, 1898.

ACTION in equity by L. G. Everist against John Pierce and wife to set aside as fradulent a conveyance of real estate, and to subject such property to the payment of a debt due plaintiff.   There was a trial to the court, and, from a decree in defendants' favor for costs, the plaintiff appeals.— *Affirmed.*

*William Milchrist* for appellant.

*Strong & Owen* for appellees.

WATERMAN, J.—The defendants, John and Allie L. Pierce, are husband and wife. The indebtedness due plaintiff is from John Pierce, and it grows out of the purchase of coal by the Sioux City Cable Railroad Company, of which defendant John Pierce was part owner, during a period extending from November, 1892, to March, 1893. On May May 1, 1893, Pierce indorsed a note given for this indebtedness, and in November, 1894, the note was put in judgment, and the present action is founded thereon. The real estate involved consists of lots 7, 8, and 9, in block 21, in Pierce's addition to Sioux City, which is the homestead of defendants, and title to which is in the wife. The facts, as we find them, are as follows: Prior to 1890, defendants owned and occupied another homestead, the title to which was in the wife. This was sold in 1890 for thirty thousand dollars, the husband receiving the consideration on his promise to build a house on the property in controversy in block 21, which was then owned by the wife, but was, as we understand, unimproved. It is not important how the wife became the owner of either of these pieces of property, for it is undisputed that, at the time she acquired title, her husband was solvent. If he gave her the property, it cannot affect her rights. *Shepard v. Pratt,* 32 Iowa, 296; *State v. Wallace,* 67 Iowa, 77; *Phillips v. Potter,* 32 Iowa, 589; *Cours v. Hanna,* 34 Iowa, 597; *Lloyd v. Bunce,* 41 Iowa, 660; *Stephenson v. Cook,* 64 Iowa, 265. The house erected on the lots in dispute was finished in 1893. In that year Pierce became insolvent. He paid for the construction, in small part, out of money in his possession that belonged to his wife, being a portion inherited by her and a part arising from the sale of some property in the East. But by far the greater part of the cost of the building was paid out of the funds of the husband, in return for the money he had received from the sale of the former homestead and in performance of his promise to build a house on this property. We cannot discover that Pierce paid more on this building than the amount of the wife's funds in his possession. This

transaction was valid, and cannot be impeached at the suit of a creditor. *Garr, Scott & Co. v. Klein,* 93 Iowa, 313; *Meyer v. Houck,* 85 Iowa, 319. To make the case stronger, we may say that we think the finding warranted that no money was paid on the house after plaintiff's claim against Pierce accrued. Plaintiff is in no situation to complain of what was done before he became a creditor. The facts are not of such a character as will confer upon a subsequent creditor any right to complain of what was done. *Brundage v. Chenworth,* 101 Iowa, 263; *Phillips v. Potter* and other cases cited above. The decree of the district court is AFFIRMED.