ROBERTS AND KENNING, Appellants, v. G. F. BROTHERS *et al*, Appellees.

Action to Subject Property to Satisfaction of Judgment: CONVEYANCE FROM HUSBAND TO WIFE: VALIDITY. Under the evidence in the case, it was not fraudulent for the husband to cause certain real estate to be conveyed to his wife in payment of a debt for borrowed moneys honestly due, even though it amounts to a preference of creditors.

*Appeal from Pocahontas District Court.*—HON. W. B. QUARTON, Judge.

THURSDAY, JANUARY 29, 1903.

AN equitable action, supplemental to execution, to subject moneys and other property claimed by Sarah J. Brothers to the payment of a judgment against her husband, G. F. Brothers. Decree for defendants, and plaintiffs appeal.—*Affirmed.*

*F. H. Bond* and *D. M. Kelleher* for appellants.

*F. C. Gilchrist* and *J. H. Allen* for appellees.

WEAVER, J.—Plaintiffs are the owners of a judgment against George F. Brothers, upon which an execution has been issued and returned unsatisfied. They charge that the judgment defendant formerly held title to certain land; that by exchange of said property he obtained the conveyance of other land, but, to delay and defraud creditors, caused the same to be deeded to his wife; and that

thereafter, by an exchange of the last-described property, he obtained or is to receive certain moneys and personal property, and also a conveyance to his wife of certain lots in the town of Laurens. It is the property alleged to have been obtained by this last exchange which is sought to be reached for the benefit of plaintiff's judgment. This demand is resisted by the judgment defendant's wife, who claims to be the owner of the property. The dispute is purely one of fact, and its determination does not require extended discussion.

The testimony on behalf of defendants tends to show that Brothers and wife are of advanced age; that soon after their marriage in Pennsylvania, years ago, they removed to Iowa, at which time the husband had little or no property, and the wife had about $500 in money in her own right; and that she allowed her husband to use the money in obtaining land and other property, under a promise of repayment on his part. During their married life, Mr. Brothers has tried his hand at farming, threshing, harness making, and various lines of employment, but in the language of his wife, "he always had the knack of going in debt," and has always carried a more or less heavy burden of this kind. From time to time, as he has made trades and sales of property, his wife has asked for a return of her money, but, until the transaction now under inquiry, has received nothing more substantial than repeated promises to pay as soon as he was able. In 1897, Brothers, holding an equity in one hundred and sixty acres of land in Pocahontas county, and being, by age and physical injury, unable to operate a farm, exchanged this property for a tract of land in Emmett county. The title to this last-mentioned tract was made to Mrs. Brothers, and received by her, as they both swear, in payment of the husband's debt to her. The value of the equity thus received by her does not appear to have been in excess of $1,200,—a sum less than the amount of the alleged indebt-

edness due her from her husband.   Upon the validity of
this transaction, as against the plaintiffs, the rights of the
parties are to be determined.   If this old couple tell the
truth, the husband did owe the wife a debt which he was,
in equity and good conscience, bound to pay.   It was a
debt which the law would have enforced, save as against
a plea of the statute of limitations,—a defense which he
had an undoubted right to waive.   It was a debt, too,
which he might lawfully pay or secure, even though the
effect thereof was to prefer the wife to other creditors.
*Leppig v. Bretzel*, 48 Mich. 321 (12 N. W. Rep. 199); *Meyer
v. Houck*, 85 Iowa, 319; *Manufacturing Co. v. Mastin*, 75
Iowa, 112; *Bank v. Wright*, 68 Iowa, 132; *Sprague v.
Benson*, 101 Iowa, 678;   *Sims v. Moore*, 74 Iowa, 497;
*Payne v. Wilson*, 76 Iowa 380; *Daggett, Bassett & Hill
Co. v. Bulfer*, 82 Iowa, 103; *Hinchman, v. Parlin &
Orendorff Co.*, 21 C. C. A. 273 (74 Fed. Rep. 698); *Cooper
v. Bank*, 40 Kan. 5 (18 Pac. Rep. 937); *Brock v. Bank*, 48
N. J. Eq. 615 (23 Atl. Rep. 269, 27 Am. St. Rep. 451);
*Whaun v. Atkinson*, 84 Ala. 592 (4 South. Rep. 681); *Man-
chester v. Tibbetts*, 121 N. Y. 219 (24 N. E. Rep. 304, 18
Am. St. Rep. 816).

We find nothing in the record to justify us in pro-
nouncing the testimony of the defendants false, or in
saying that this transaction was a mere device to hinder
or delay the plaintiffs or others in the collection of their
claims.   The mere fact that this woman had been a most
lenient creditor, and had for many years suffered herself
to be postponed for the benefit of others more importun-
ate in their demands, affords no reason for denying her the
protection of the law; and it is not to the discredit of the
husband that, when old age and bodily infirmity have left
him dependent upon her care, he remembers and discharges
the debt which is her due.

We think the decree of the district court is right, and
it is AFFIRMED.