MAHASKA COUNTY, for the use of the School fund, W. W.
Eby, Treasurer, v. FRANK WHITSEL and NELLA WHITSEL,
Defendants.   WHEELER   &   WILSON   MANUFACTURING
COMPANY, Intervenor, Appellant.

**Fraudulent conveyances:** HUSBAND AND WIFE. The validity of a
1  conveyance of land from the husband to his wife in payment
of an indebtedness actually due her for money had upon a
promise of repayment, even though at an indefinite time,
cannot be successfully attacked by creditors of the husband
even though it has the effect to hinder and delay them in the
collection of their claims; provided there is no fraud on the part
of the wife, and fraud will not be presumed from the mere fact
of relationship.

**Appeal:** QUESTIONS NOT RAISED BELOW. Where all parties to an ac-
2  tion for the foreclosure of a mortgage have treated the sum
secured thereby as due at the time of the trial, neither can
complain for the first time on appeal that it had not matured.

*Appeal from Mahaska District Court.*— HON. W. G. CLEM-
ENTS, Judge.

THURSDAY, FEBRUARY 14, 1907.

ACTION to recover a loan of $600 made by the county to
defendant Frank Whitsel and his wife, Nella Whitsel, as
surety, and to foreclose a mortgage, securing said loan, on a
certain forty-acre tract of land, the title to which is in the
defendants, as owners in common.   The defendants admitted
the note and mortgage to have been made, and the indebted-
ness to have been matured by default in payment of inter-
est, and they joined in the allegation that Nella Whitsel was
surety only, and that her one-half interest in the mortgaged
premises was included therein only for the purpose of secur-
ing the debt of her husband.   The Wheeler & Wilson Manu-
facturing Company intervened, alleging that prior to the
execution of the school-fund note and mortgage, the defend-

ant Frank Whitsel became indebted to it, and that subsequently said manufacturing company recovered a judgment against him in the sum of $1,051.75, and that at the time the indebtedness to said company was incurred, and also at the time said judgment was rendered, Frank Whitsel was the absolute and unqualified owner of the 40-acre tract covered by the school-fund mortgage, and that the apparent ownership by Nella Whitsel of a one-half interest in said tract was acquired under conveyances, which were without consideration and executed for the purpose of defrauding creditors. It is further alleged by intervener that an execution on its judgment against Frank Whitsel has been returned " No property found," and that he is insolvent; and intervener prayed that its judgment be decreed a lien on the real estate described from the date of its rendition, and that Frank Whitsel be found to be the owner of said real estate; and, further, that if the court finds Nella Whitsel to be the owner of an undivided one-half interest in said real estate, the school-fund mortgage be decreed to be a lien on her interest therein. The defendants denied all fraud in the conveyances under which Nella Whitsel acquired the apparent ownership of the undivided one-half interest in the real estate, and alleged that such conveyances were on good consideration and in good faith for the purpose of satisfying an indebtedness of Frank Whitsel to his wife, which indebtedness was incurred before the acquisition by Frank Whitsel of the title to the land in controversy. After hearing evidence on the issue, as between the intervener and the defendants, the court found that the real estate was owned in common by the defendants, each having an undivided one-half interest therein, and that defendant Nella Whitsel executed the school-fund mortgage as surety for her husband, and that intervener was entitled to a lien under its judgments only upon the undivided one-half interest of Frank Whitsel, subject to the lien of plaintiff under its school-fund mortgage; and decreed that the real estate be sold to satisfy

the debt due to plaintiff, one half of the proceeds belonging to defendant Frank Whitsel being first used to satisfy said debt, and that the other half belonging to Nella Whitsel be resorted to only to satisfy any deficiency remaining after the application of the proceeds of Frank Whitsel's one-half interest; and, further, that if one-half of the proceeds was more than sufficient to pay the debt due to plaintiff, then the remainder of such one-half interest owned by Frank Whitsel be applied on the intervener's judgment, and that the other one-half interest be paid to Nella Whitsel.   From this decree intervener appeals.— *Affirmed.*

*H. H. Sheriff,* for appellant.

*John N. McCoy,* for appellee Mahaska county.

*W. R. Nelson,* for appellees Whitsel and others.

McClain, J.— The forty-acre tract of land mortgaged to plaintiff was acquired by the defendant Frank Whitsel in 1896, and in 1903 he conveyed the same by warranty deed, his wife joining to release dower to one H. D. Whitsel, who immediately thereafter reconveyed the same to the defendants, as owner in common each of an undivided one-half interest; and immediately thereafter the school-fund note and mortgage to plaintiff was executed by the defendants.   It is these conveyances from Frank Whitsel to H. D. Whitsel, and in turn from H. D. Whitsel to Frank Whitsel and Nella Whitsel which the intervener alleges to be without consideration and fraudulent as against intervener, at that time a creditor of Frank Whitsel, although the judgment of intervener was not recovered until 1904.   The facts relied upon by intervener, as showing the fraudulent character of these conveyances, are that in 1902 the defendant Frank Whitsel, for the purpose of securing credit from intrevener, delivered to it a bond in which he was a co-obligor

with one W. T. Allen, by which said obligors bound themselves to pay to the intervener any amount which should become due by them for merchandise delivered to them as its agents in the sale of sewing machines and supplies, and that, in connection with the execution of such bond, said Frank Whitsel made a statement as to his financial condition, in which he represented himself to be the owner of the real estate in question and other property, real and personal, and in which he further alleged that there was no indebtedness against him in favor of his wife. The genuineness of the signature of Frank Whitsel to this statement was questioned, but we shall assume for the purposes of this opinion that such statement was in fact made by Frank Whitsel.

The only issue as between intervener and the defendants under the evidence was, we think, as to whether Frank Whitsel was, prior to the acquisition of the land in contro-

1. FRAUDULENT CONVEYANCES: husband and wife.

versy, indebted to his wife, as is claimed by him and his wife, to the extent of $350, with interest thereon, for that sum of money received by him from her at the time of their marriage in 1890, and whether the conveyances by which a one-half interest in said real estate was vested in her were in satisfaction of said indebtedness, and whether she accepted said conveyance in good faith in extinguishment of such prior indebtedness and not fraudulently for the purpose of hindering or delaying enforcement by intervener of its claim against her husband. There can be no controversy under our authorities that if Frank Whitsel, at the time of his marriage to his wife, received from her $350, with the oral agreement to repay her in the future, even at an indefinite time, and thus became her debtor, he might subsequently, even against creditors who had in the meantime acquired claims as against him, convey to her in satisfaction of such indebtedness real estate or an interest therein; and that his creditors cannot question the validity of such conveyance, although the effect may be to hinder or delay them

in the enforcement of their claims.   *Roberts v. Brothers,*
119 Iowa, 309; *Meyer v. Houck,* 85 Iowa, 319; *Sims v.
Moore,* 74 Iowa, 497; *Garr v. Klein,* 93 Iowa, 313; *City
Bank v. Wright,* 68 Iowa, 132; *De Vore v. Jones,* 82 Iowa,
66.   And it is immaterial that such creditors have extended
credit on the faith of the property standing in the husband's
name, provided the wife has not been guilty of any purpose
to enable her husband to defraud such creditors.   *Peck v.
Lincoln,* 76 Iowa, 424; *Payne v. Wilson,* 76 Iowa, 377;
*Neighbor v. Hoblitcel,* 84 Iowa, 598; *Sprague v. Benson,* 101
Iowa, 678; *Muir v. Miller,* 103 Iowa, 127.   Fraud is not to
be presumed from the mere fact of relationship of husband
and wife.   *Carse v. Reticker,* 95 Iowa, 25.

We think there can be no doubt under the evidence that
defendant Frank Whitsel did actually receive from his wife
at the time of, or soon after, their marriage $350, which was
the proceeds of real property owned by her before the marriage
in Nebraska, with the understanding that he should
use the money and repay it to her in the future.   There is no
evidence that the transfer to her of a one-half interest in the
real estate in controversy, which was procured for $600, although
its present value greatly exceeds that amount, was
accepted by her for any other purpose than as payment of
his indebtedness to her.   Indeed, there is no evidence that
at the time such conveyance was made the wife had any
knowledge that her husband was indebted to intervener or
any other person.   We find no ground, therefore, for setting
aside in behalf of the intervener the conveyance to Nella
Whitsel of the one-half interest which she claims.

Counsel for appellant insists that the loan from the
school fund was not matured, and that plaintiff was not entitled
to judgment on the note and foreclosure of the mortgage.
We do not find any provision in the
**2. APPEAL: questions not raised below.** note that the indebtedness shall become due on
default in payment of installments of interest,
and by its terms the note was not matured when judg-

ment was rendered in plaintiff's favor. But in this we think there is nothing of which intervener can complain. If plaintiff and the defendants see fit to treat the indebtedness as matured, it cannot be material to the intervener whether or not it is in fact matured under the terms of the contract. At any rate, intervener raised no question for the determination of the trial court with reference to the maturity of the loan, and we cannot consider that question, which is first represented on this appeal.

The decree of the trial court is in accordance with the evidence, and it is *affirmed*.