THEO COVER, Appellant, v. RACHAEL J. WYLAND, Appellee.

APRIL 3, 1928.

*Thomas H. Smith*, for appellant.

*Bennett Cullison* and *E. M. Miller*, for appellee.

STEVENS, C. J.—Appellant is a creditor of the estate of O. P. Wyland, who died intestate August 18, 1923, insolvent. On September, 1921, O. P. Wyland conveyed the property in dispute, a two-story brick building, located in Harlan, to appellee, Rachael J. Wyland, his wife, by warranty deed, containing the following language:

"This deed is given for the full payment of six hundred dollars, being money borrowed by O. P. Wyland of Rachael J. Wyland in the year 1876."

On the date of this conveyance, O. P. Wyland was admittedly insolvent. The claim of appellant arose several years prior to the date of the deed.

The grounds upon which appellant prays the cancellation of the deed are that the same was executed voluntarily, and without consideration; that the obligation, if any was owed by the grantor to the grantee, was long since barred by the statute of limitations; that, if the conveyance was for a valid consideration, the same was wholly inadequate; and that the value of the property in excess thereof should be subjected to the payment of appellant's claim, which has been duly adjudicated and allowed in probate.

The evidence shows without dispute that, in the year 1875, shortly prior to their marriage, appellee loaned O. P. Wyland $600, upon an oral promise and understanding that he would repay the same to her; that, although it was the subject of occasional conversation between them, no part of the amount was paid in any other manner than by the conveyance in question. The deed was not filed for record until August 18, 1923, the date of the grantor's death. There is a suggestion in the argument of counsel for appellant that the deed was never delivered. The evidence on this point is, however, clear and convincing to the contrary.

The claim was, of course, barred by the statute of limitations. This was a defense which the debtor could waive, and the mere fact that the claim was barred does not make the conveyance either voluntary or fraudulent. The fact should, nevertheless, be taken into consideration in determining the character of the transaction between them, as husband and wife. *City Bank v. Wright*, 68 Iowa 132; *Roberts v. Brothers*, 119 Iowa 309.

*Schoonover v. Foley* (Iowa), 94 N. W. 492 (not officially reported), relied upon by appellant, apparently gave controlling importance, under the circumstances of that case, to the fact that the indebtedness which constituted a consideration for the conveyance involved was barred by the statute of limitations. This fact was coupled with other testimony not fully set out in the opinion, and constitutes an important circumstance in determining the validity of the transaction. Conveyances executed under facts and circumstances similar to those disclosed by the present record have often been sustained.

The real vital question to be determined on this appeal is the value of the property, which is incumbered by a mortgage of $11,000. The evidence for appellant fixed its value at from

$20,000 to $27,000, while that of appellee placed it at from $11,000 to $12,000. The court in its decree fixed the value at $12,500. The evidence shows that the building is well located in the town of Harlan, and at the time of the trial was yielding a monthly rental of $232.50. A portion of the building is used for apartment house purposes, and appellee assumes the expense of heating it. We have not undertaken to compute the interest which appellee is entitled to recover. If the value of the building as fixed by appellee's witnesses be accepted, the margin above the mortgage is insignificant. If, on the other hand, the value placed thereon by appellant's witnesses be accepted, the consideration was clearly inadequate. *Keeder and Orvis & Co. v. Murphy*, 43 Iowa 413; *Strong v. Lawrence*, 58 Iowa 55; *Lyon v. Haddock*, 59 Iowa 682; *Cox v. Collis*, 109 Iowa 270; *Nolan v. Glynn*, 180 Iowa 870; *McClelland v. Snouffer*, 194 Iowa 1387; *Malcolm Sav. Bank v. Mehlin*, 200 Iowa 970. The right of deceased to prefer his wife in good faith as a creditor is not questioned.

Few questions of fact are more difficult of accurate judgment than those relating to the value of property. Usually, as in this case, there are no accurate or absolute standards by which value can be judged. The wide divergence on this point in the testimony of the witnesses called by the respective parties is impossible of reconciliation. The best the court can do is to assume that the value as fixed by the witnesses for one party is more or less exaggerated, whereas the witnesses on the other side have been over-conservative. The medium between the two lines of testimony is hard to find. The rental income from the building is substantial, and doubtless throws some light on its market value. Rental value is not, however, by any means, an infallible test, and frequently affords but scant aid in the settlement of the question. There is nothing in the record, except the disparity on the question of value displayed by the testimony of the respective witnesses, to indicate a fraudulent purpose on the part of either of the parties to the conveyance. We are disposed to accept the value as found by the court as substantially more nearly accurate than the testimony of appellant's witnesses. The margin, however, that would be left after any conservative estimate of the market value of the build-

ing would not be so disproportionate and unreasonable as to justify the setting aside of the deed or the subjecting of any part thereof to the claims of creditors. It should, perhaps, be observed that appellant's right to maintain the action in his own name is challenged by the appellee, only upon the ground that he did not first obtain permission of the probate court to prosecute the same. The challenge is not urged in argument. In this connection, see *Hansen's Empire Fur Factory v. Teabout*, 104 Iowa 360; *Marion County Nat. Bank v. Smith*, 205 Iowa 203.

We are constrained to hold that the conveyance should not be set aside, and that there is not such inadequacy of consideration shown as to subject any part of the property to the payment of creditors.—*Affirmed.*

All the justices concur.